# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **SALIH WASIM LUTFI,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 5:15-02065 |
| ) | |
| **J. FORD,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 1.), filed on February 23, 2015. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.)

## FACTUAL AND PROCEDURAL BACKGROUND

On February 23, 2015, Plaintiff, an inmate incarcerated at FCI Beckley, and acting *pro se*, filed his Complaint claiming entitlement to relief pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395-97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[1] (Document No. 3.) Plaintiff names the following as Defendants: (1) J. Ford; (2) Officer Burdette; (3) Associate Warden Swain; and (4) Warden J. Coakley. (Id.) Plaintiff alleges that Defendants violated his constitutional rights by using excessive force and retaliating against Plaintiff for filing

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

administrative remedies. (Id., pp. 4 - 9.) Specifically, Plaintiff alleges that on September 7, 2014, he was "assaulted by J. Ford all because I asked to speak to the Lt. on a day of cell moves." (Id., p. 4.) Plaintiff explains that when Defendant Burdette and Officer Harvey came to his cell for "cell move," Plaintiff asked to speak to the Lieutenant because "I had just moved a few days prior and Officer Ball said that my 21 days started over." (Id.) Plaintiff states that he informed Defendant Burdette and Officer Harvey that "this move today would make my 4th move in two weeks." (Id.) Plaintiff alleges that Officer Harvey stated "If I have to go get the Lt., I'm writing you a shot for refusal" and "I said again, 'I need to talk to the Lt.'" (Id.) Plaintiff acknowledges that Defendant Burdette and Officer Harvey left, and then returned with Lt. Phelps, Officer James, Officer Adkins, and Defendant Ford. (Id., p. 5.) Plaintiff alleges that Lt. Phelps inquired as to why Plaintiff was refusing to "cuff up," and Plaintiff responded that he "did not refuse to cuff up. I asked to speak to the Lt. and was never asked to cuff up." (Id.) Plaintiff claims that Lt. Phelps then directed him to "cuff up," and Plaintiff complied. (Id.) Plaintiff contends that after he was "cuffed up," Defendant Ford rushed in the cell, "tells me to come here," and "aggressively slaps his right hand around the back of my neck and jerks me up squeezing my neck very hard." (Id.) Plaintiff asserts that Defendant Ford "then violently pushes me out of the cell with his hand around the back of my neck." (Id., pp. 7 - 8.) Plaintiff claims that Defendant Ford then stated that "[a]ll you monkeys need to go back to Africa."[2] (Id., p. 8.) Plaintiff alleges that he was temporarily placed in the "strip cage," and

---

[2] The verbal harassment or abuse of an inmate by prison guards, without more, is insufficient to state a constitutional deprivation. *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *also see Lindsey v. O'Connor*, 2009 WL 1316087, at * 1 (3rd Cir. (Pa.))(holding that "[v]erbal harassment of a prisoner, although distasteful, does not violate the Eighth Amendment"); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2nd Cir. 1986)(stating that name-calling does not rise to the level of a constitutional violation); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)(finding that a sheriff's threats to hang a prisoner were insufficient to state a constitutional deprivation).

Lt. Phelps "scolds" him for not "cuffing up." (Id.) Plaintiff contends that when he was let out of the "strip cage," Defendant Ford "slaps the back of my head and says 'good boy.'" (Id.) Plaintiff alleges that he reported the assault to Defendant Swain, the Mid-Atlantic Regional Office, the Inspector General, and Director Samuels. (Id.) Plaintiff contends that "as collateral damage and retaliation, Officer Burdette lies on me and writes me two bogus incident reports. (Id., p. 9.) Plaintiff states that he "asked Officer Burdette what was J. Ford's name" and "Burdette also saw me talking to SIS Sweeny around lunch time the same day." (Id.) Plaintiff claims that "Burdette knows me . . . he knows I will file a grievance, [s]o he decides to beat me to the punch and write me two." (Id.) Plaintiff further alleges that Defendant Burdette "lies and says he found pills in a brown bag with commissary that had Inmate Lutfi's name and registration number on it." (Id.) Plaintiff alleges that Defendant Burdette "framed" him and that he is innocent of violating Offense Codes 307 and 113. (Id.) As relief, Plaintiff requests the following: (1) "Officer J. Ford and Burdette be fired;" (2) "This incident be placed in Associate Warden Swain's employee conduct file, permanently;" and (3) The 307 and 113 Incident Reports be expunged from my record and all rights restored." (Id., p. 5.)

As Exhibits, Plaintiff attaches the following: (1) A copy of his "Incident Report" dated September 7, 2014 (Id., p. 10.); (2) A copy of Plaintiff's "January 2015 FCI Beckley Special Housing Unit List" (Id., p. 11.); (3) A copy of the "Rejection Notice" date October 9, 2014, from the Administrative Remedy Coordinator at the Mid-Atlantic Regional Office (Id., p. 12.); (4) A copy of a letter written by Plaintiff dated September 23, 2014 (Id., pp. 13 - 19.); and (5) A copy of his "Request for Administrative Remedy" dated September 23, 2014 (Id., p. 20.).

## **STANDARD**

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner

3

seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## ANALYSIS

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. at 395-97, 91 S.Ct. at 2004-05; See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C.

§ 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law.[3] The United States Supreme Court has held that an inmate may name a federal officer in an individual capacity as a defendant in alleging an Eighth Amendment constitutional violation pursuant to Bivens. See Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reinbold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

**A.     Excessive Force.**

The undersigned views Plaintiff's Complaint as setting forth a claim under the Eighth

---

[3] Inmates may file claims of liability against the United States under the FTCA but may not assert claims of personal liability against prison officials for violations of their constitutional rights. *Carlson v. Green*, 446 U.S. at 21-23, 100 S.Ct. at 1472 -74. By contrast, under *Bivens* inmates may assert claims of personal liability against individual prison officials for violations of their constitutional rights but may not assert claims against the government or prison officials in their official capacities. The Supreme Court held in *Carlson*, 446 U.S. at 18 - 21, 100 S.Ct. at 1471-72, that an inmate could pursue a *Bivens* action independent of a FTCA action. The Court found that Congress did not intend to pre-empt a *Bivens* remedy when it enacted the FTCA. *Id.* The Court noted that the legislative history of the FTCA "made it crystal clear that Congress views FTCA and *Bivens* as parallel, complementary causes of action." *Id.*, 446 U.S. at 19 - 20, 100 S.Ct. at 1471 -72. Relying upon *Carlson*, the Fourth Circuit found that the availability of relief under the FTCA does not automatically foreclose a *Bivens* action. *Dunbar Corp v. Lindsey*, 905 F.2d 754, 762 (4th Cir. 1990). The Court pointed out other distinctions between FTCA and *Bivens* actions in *Dunbar Corp.*: (1) only compensatory damages are available in FTCA actions, whereas compensatory and punitive damages are available under *Bivens* and (2) FTCA claims must be tried to the Court, whereas *Bivens* claims may be tried to a jury. *Id*.

Amendment. As a general matter, punishments prohibited under the Eighth Amendment include those which "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)). "It not only outlaws excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). Under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir. 1978), rev'd on other grounds, Bell v. Wolfish, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). In the context of prison officials' use of force upon an inmate, the appropriate inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986) (citations omitted). To establish a violation of the Eighth Amendment in the context of a challenge to prison officials' use of force, an inmate must allege (1) that the prison officials acted with a "sufficiently culpable state of mind" under a subjective standard and (2) "sufficiently serious" injury an objective standard. Wilson v. Seiter, 501 U.S. 294, 297-99, 111 S.Ct. 2321, 2323-25, 115 L.Ed.2d 271 (1991); also see Iko v. Shreve, 535 F.3d 225, 238 (4th Cir. 2008).

      To establish the subjective component, an inmate must demonstrate that prison officials applied force "maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21, 106 S.Ct. at 1085. In determining whether prison officials acted maliciously and sadistically, the following factors must be balanced: (1) "the need for application of force," (2) "the relationship between that need and the amount of force used," (3) "the threat reasonably perceived by the responsible officials," and (4) "any efforts made to temper the severity of a forceful

6

response." Hudson v. McMillian, 503 U.S. 1, 7, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). Additionally, the absence of serious injury is relevant to the determination of prison officials' culpable intent, but is not dispositive. Id.

"With regard to the objective component, '[t]he Eighth Amendment's prohibition . . . necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of the sort repugnant to the conscience of mankind." Harris v. Salley, 339 Fed.Appx. 281, 284 (4th Cir. 2009), citing Hudson, 503 U.S. at 9 - 10, 112 S.Ct. at 1000. Additionally, "absent the most extraordinary circumstances," an inmate must demonstrate more than *de minimis* pain or injury. See Hudson, 503 U.S. at 9, 112 S.Ct. at 1000; Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "Extraordinary circumstances exist where the use of force is 'repugnant to the conscience of mankind . . . or the pain itself will be such that it can properly be said to constitue more than *de minimis* injury." Harris, 339 Fed.Appx. at 284(citation omitted). The objective component standard is significantly less demanding than required in the context of challenges to conditions of confinement because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Hudson, 503 U.S. at 9, 112 S.Ct. at 1000 ("This is true whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.") Dislocation of a shoulder in the handcuffing a person and the resulting pain may constitute more than a *de minimis* injury. See Bane v. Virginia Department of Corrections, 267 F.Supp.2d 514, 532 (W.D.Va. 2003).

Assuming Plaintiff's allegations as true, Plaintiff has failed to state a constitutional claim of excessive force. Although Plaintiff claims that Defendant Ford tightly gripped the back of Plaintiff's

neck and then slapped him in the back of the head, Plaintiff gives no indication that he suffered "more than *de minimis* pain or injury." Plaintiff does not allege that he suffered pain or sought medical treatment after the incident. The Court, therefore, finds that any injury suffered by Plaintiff was *de minimis*. Plaintiff also fails to allege any facts that establish extraordinary circumstances where a plaintiff can prevail when he suffers only *de minimis* injury. The Court notes that "not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" Wilkins, 130 S.Ct. at 1178, citing Hudson, 503 U.S. at 9, 112 S.Ct. at 995; See also Whitely, 475 U.S. at 319, 106 S.Ct. at 1086(finding that the infliction of pain in the course of prison security measures does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force applied was unreasonable). Accordingly, Plaintiff fails to allege sufficient facts to establish an Eighth Amendment claim of cruel and unusual punishment. See Wilkins v. Gaddy, 559 U.S. 34, 38, 130 S.Ct. 1175, 1178, 175 L.Ed.2d 995 (2010)("An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim.")

**B.     Prison Discipline Has Not Been Vitiated.**

Plaintiff appears to allege that his due process rights were violated because he was improperly charged and convicted during prison disciplinary proceedings of violating Offense Codes 307 and 113. In Heck v. Humphrey, 512 U.S.477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) the Supreme Court established the following test to determine whether a prisoner's claim for violation of due process in the context of a criminal proceeding is cognizable under 42 U.S.C. § 1983.

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not

>been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Heck, 512 U.S. at 487, 114 S.Ct. at 2372-73; see also Messer v. Kelly, 129 F.3d 1259 (4th Cir. 1997)(stating that the rationale in *Heck* applies in *Bivens* actions).

The Supreme Court applied the Heck rule to prison disciplinary proceedings in Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), when it held that, in the context of prison disciplinary hearings that result in the loss of good-time credits, challenges to prison hearing procedures which necessarily imply the invalidity of the judgment must be pursued in *habeas corpus*, not in a Section 1983 action. In Balisok, the inmate alleged that he was denied the opportunity to put on a defense due to the deceit and bias of the hearing officer. The Court held "that [Balisok's] claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decision maker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983." Edwards, 520 U.S. at 648, 117 S.Ct. at 1589. Accordingly, the undersigned proposes that the District Court find (1) that Plaintiff alleges that he was improperly charged and convicted during a prison disciplinary hearing, (2) that his contentions imply the invalidity of the disciplinary hearings and the review and appeal process, (3) that there has been no invalidation of the disciplinary hearing, and (4) that his claim is therefore barred.[4]

---

[4] The undersigned further notes that prisoner disciplinary proceedings are not part of criminal prosecution. Thus, the full panoply of rights due a defendant in criminal proceedings do not apply in prison disciplinary proceedings. *See Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974)("there must be mutual accommodation between institutional needs and objective and the provisions of the Constitution"). Inmates, however, are entitled to the

9

## C. Retaliation Claim.

Prison officials may not retaliate against inmates for their exercise of a constitutional right. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994), cert. denied, 514 U.S. 1022, 115 S.Ct. 1371, 131 L.Ed.2d 227 (1995); American Civil Liberties Union of Md, Inc. v. Wicomico County, Md., 999 F.2d 780, 785 (4th Cir. 1993)(citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)). The Fourth Circuit has held that an inmate's claim of retaliation must be treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996)(*en banc*)(citations omitted). To prevail upon a claim of retaliation, the inmate must specifically demonstrate that but for his protected conduct, he would not have been subject to the alleged retaliatory act. See Huang v. Board of Governors of Univ. of N.C., 902 F.2d 1134, 1140 (4th Cir. 1990). Essentially, the inmate must first demonstrate that he engaged in protected conduct and second that his protected conduct motivated the retaliatory act.

Plaintiff claims that prison officials retaliated against him for filing grievances. Specifically, Plaintiff alleges that Defendant Burdette filed an Incident Report against him because Defendant Burdette knew Plaintiff was going to file a grievances against Defendant Ford.[5] The Fourth Circuit,

---

following procedural safeguards during disciplinary hearings: (1) advance written notice to the inmate of the claimed violation; (2) an opportunity for the inmate to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finders of the evidence relied on and the reasons for the disciplinary action. *Id.*, at 563 - 66. If Plaintiff believes he was denied any of the above procedural safeguards, Plaintiff should file an Application under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody.

[5] The Incident Report alleges that on September 7, 2014, at 9:45 a.m., Defendant Burdette approached Plaintiff's cell for a cell move. Defendant Burdette states that he ordered Plaintiff to cuff up so he could be moved and Plaintiff refused. Defendant Burdette states that he "ordered him a

however, has recognized that inmates have "no constitutional right to participate in grievance proceedings." Adams, 40 F.3d at 75. Since Plaintiff has no constitutional right to participate in grievance procedures, he has failed to establish a claim of retaliation. See White v. Francis, 2008 WL 2705102 (N.D.W.Va. Jul. 9, 2008)(finding that "[b]ecause there is no constitutional right to file a grievance, retaliation against [plaintiff] for filing one does not meet the requirements of a retaliation claim"), aff'd, 325 Fed. Appx. 214 (4th Cir. 2009), cert. denied, 130 S.Ct. 1287, 2010 WL 250973 (2010); Alqam v. United States, 2008 WL 2945492, n. 8 (N.D.W.Va. Jul. 24, 2008)(finding that plaintiff failed to state a claim by alleging that he was transferred in retaliation for filing administrative grievances); Bane v. Virginia Dept. of Corrections, 2007 WL 1378523 (W.D. Va. May 8, 2007)(stating that because "there is no constitutional right to participate in grievance proceedings, [plaintiff] is barred from claiming that the transfer was made in retaliation to the exercise of a constitutionally protected right"). Accordingly, the undersigned finds that Plaintiff's claim of retaliation should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 1.), **DISMISS** Plaintiff's Complaint (Document No. 3.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby

---

second time and he stated 'I ain't cuffing up until I see Lt.'" The record reveals that the Incident Report was prepared and signed by Defendant Burdette on September 7, 2014, at 10:47 a.m., approximately one hour after the alleged incident. (Document No. 3, p. 10.)

**FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: February 27, 2015.

R. Clarke VanDervort
United States Magistrate Judge